UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Mercedes,<br><br>                         Plaintiff,<br><br>          -against-<br><br>Restaurant Management Inc.,<br><br>                         Defendant. | 25-cv-5535 (AS)<br><br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

In this disability lawsuit about the accessibility of a restaurant's website, the Court concludes that the plaintiff has not plausibly alleged standing. The restaurant's motion to dismiss is GRANTED.

**BACKGROUND**

Plaintiff Luis Mercedes is a legally blind person who uses screen-reading software while using the internet. Dkt. 1 ¶ 2. He resides in the Bronx. *Id.* ¶ 14.

Mercedes visited the website www.tellerschophouse.com, which is owned by defendant Restaurant Management Inc. ("RM"). *Id.* ¶ 19. The restaurant in question, Tellers Chophouse, is in Islip, New York, nearly 50 miles away from plaintiff's Bronx residence. Dkt. 10-1 ¶¶ 9–10.[1] Mercedes alleges that he wanted to make a reservation because the restaurant has "a rich menu of meats and side dishes, along with a curated selection of wines" as well as "a sophisticated setting and professional service." Dkt. 1 ¶ 22. He also cites the fact that the restaurant features "USDA Prime, 35-day dry-aged beef, served in an elegant atmosphere, featuring Art Deco décor, that was once a historic bank building." *Id.* ¶ 23.

Mercedes alleges that he was unable to use the website properly because it was not designed to be compatible with screen access programs. *Id.* ¶ 24. He says he visited the website twice, once on January 13, 2025, and a second time on January 15, 2025. *Id.* ¶ 20.

Mercedes filed this lawsuit on July 3, 2025. Dkt. 1. He alleges that RM's failure to construct its website to be compatible with his screen reader program violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 *et seq.*, and the New York City Human Rights Law (NY-CHRL), N.Y.C. Admin. Code. § 8-107(4)(a). *Id.* ¶¶ 69–92.

---

[1] The Court takes judicial notice of the distance between Mercedes's residence and the restaurant, which Mercedes does not dispute. *See United States v. Melhuish*, 6 F.4th 380, 388 (2d Cir. 2021) (taking judicial notice of a distance).

RM moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b), arguing that Mercedes lacks standing and fails to state a claim. Dkt. 10.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(1), a complaint must "allege[] facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up). The Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," although "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012) (citations omitted).

## DISCUSSION

### I.    Mercedes lacks standing to bring these claims

"Federal courts do not exercise general legal oversight . . . ." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Instead, Article III of the U.S. Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *Id.* "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (internal quotation marks omitted). To have standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*

Standing in disability cases in the Second Circuit is governed by *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022). In that case, the plaintiffs called several retailers asking whether they sold gift cards in Braille. *Id.* at 71. The plaintiffs lived near the respective stores and alleged that they planned to purchase gift cards once they were accessible to the blind. *Id.* at 72–73.

The Second Circuit affirmed the district court's conclusion that the plaintiffs lacked standing. *Id.* at 78. It held that "conclusory invocations" of factors leading to standing did not themselves create standing. *Id.* at 75. Instead, courts must ensure that the complaint "plausibly establish[es] that Plaintiffs intended to [visit] the subject location." *Id.* at 76.

Although *Calcano* involved customers who called the defendant stores instead of visiting online as in this case, it still governs. Mercedes bases his standing on the fact that he wanted to make a reservation and visit the restaurant, Dkt. 1 ¶¶ 21–22, just like the *Calcano* plaintiffs stated they planned to visit the stores in person after the phone calls. So, Mercedes must show that it is plausible that he plans to follow up his visit to the website with a visit to the restaurant itself.

But in this case, the complaint fails to plausibly allege that Mercedes plans to visit Tellers Chophouse. First and foremost, Mercedes has not explained why he would travel nearly fifty miles to a steakhouse, when there are likely hundreds of steakhouses closer to his home. In *Calcano*, the Second Circuit noted the implausibility that a Bronx resident would travel to Columbus Circle in

Manhattan to buy a gift card to a store that did not exist in the Bronx. 36 F.4th at 76. The situation here is even more implausible, with a distance several times longer and with scores of steakhouses closer. And unlike *Calcano*, Mercedes did not even allege he ever visited the restaurant before. *See id.* at 76–77 (allegations that plaintiffs had visited defendants' businesses "on prior occasions" was insufficient). That alone makes it implausible that Mercedes planned to visit Tellers Chophouse.

Further, like *Calcano*, the complaint here is a "Mad-Libs-style complaint[]." *Id.* at 77. The complaint consists primarily of paragraphs that plaintiff's counsel has used verbatim in other cases. *See, e.g.*, 25-cv-600, Dkt. 1; 25-cv-2696, Dkt. 1 (complaints filed by the same attorney that are nearly identical to the one in this case). Only a few paragraphs have any information specific to this case. *See Calcano*, 36 F.4th at 77 (noting the similarities between the complaints in the various consolidated cases).

Mercedes's arguments to the contrary are unavailing. His opposition brief does not explain why it would be plausible that he would travel nearly fifty miles to visit a steakhouse. And it fails to satisfy *Calcano*'s requirements that an intent to visit be *plausible* and that the complaint contain more than "conclusory invocations" of the requirements for standing. *Id.* at 75.

In short, *Calcano* dictates that Mercedes lacks standing in this case. It is implausible from the face of the complaint that he would visit Tellers Chophouse even if he prevailed in this case. The Court therefore lacks subject-matter jurisdiction.

## CONCLUSION

RM's motion to dismiss for lack of standing is GRANTED. All claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully directed to terminate Dkt. 10, enter judgment for defendant, and close the case.

SO ORDERED.

Dated: May 4, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3